UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RAYMOND BRYANT,

                Plaintiff,

    -against-                                **COMPLAINT**

CITY OF NEW YORK, and,
ALEXANDRA MUNOZ,

                                        **PLAINTIFF DEMANDS**
                Defendants.            **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Raymond Bryant, by his attorneys, as and for his Complaint, hereby alleges as follows:

## PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Raymond Bryant was an adult male domiciled in Queens County, in the State of New York, upon information and belief:

        2.     At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, Alexandra Munoz, Tax No. 945387, was employed by the City of New York as members of the NYPD. Munoz is sued herein in her individual and official capacity.

        4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343, and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

6. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

7. On September 8, 2019, at or between approximately 3:30-4:00 pm, plaintiff was lawfully present inside 87-40 165 Street in Queens County, New York.

8. Plaintiff had walked to the location with a woman named Janine Villanueva.

9. Plaintiff was not committing and had not committed a crime, nor had anyone stated to the NYPD that plaintiff had engaged in criminal conduct.

10. Previously, Queens County Criminal Court, under CR-018332-19QN, had issued a full stay-away order of protection ("OOP") that required plaintiff avoid all contact with Villanueva.

11. On September 6, 2019, the Criminal Court dismissed all charges under CR-018332-19QN.

12. By virtue of the September 6, 2019, dismissal, the OOP that had been in place was no longer in effect.

13. While plaintiff was present at the above location, he encountered defendant Munoz and another NYPD police officer.

14. Although defendants lacked probable cause to seize, detain, or otherwise arrest plaintiff, Munoz arrested plaintiff or otherwise caused plaintiff to be arrested for violating the OOP.

15. Plaintiff explained to Munoz that the OOP had been dismissed or otherwise vacated on September 6.

16. Notwithstanding plaintiff's explanation, Munoz and her partner handcuffed plaintiff and took him into custody (the "Arrest").

17. The defendants transported or caused plaintiff to be transported to a local NYPD precinct station house.

18. Plaintiff was held in custody at the precinct for a period of hours before he was transported to Central Booking, where he was held for many more hours.

19. While plaintiff was in defendants' custody awaiting arraignment, the defendants completed, or caused to be completed, arrest paperwork in which Munoz falsely claimed that the OOP was still in effect.

20. While plaintiff was imprisoned at Queens County Central Booking, the

Queens County District Attorney's office ("QCDA") reviewed the paperwork provided by Munoz, which identified the docket number under which Munoz claimed the OOP was in effect.

21. The QCDA, having determined that the underlying criminal prosecution had been dismissed, "rendering the order of protection no longer in effect," declined to prosecute plaintiff.

19. On September 9, 2019, plaintiff was released from custody without being criminally charged.

22. That at all times relevant herein, Alexanda Munoz was on duty and acting within the scope of her employment, and her acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Section 1983 False Arrest Claim and Imprisonment against Alexadra Munoz)

23. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though fully set forth herein.

24. Munoz willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

25. Plaintiff had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal.

26. To the extent that Munoz did not directly engage in any aspect of this

conduct, she was aware that plaintiff was being falsely arrested and imprisoned in violation of his constitutional rights under the Fourth Amendment, and had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but chose not to intervene in any way.

27. By so doing, Munoz subjected the plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

28. By reason thereof, Munoz violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, emotional and physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION

(State Law False Arrest and Imprisonment Claim Against All Defendants)

29. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though fully set forth herein.

30. Plaintiff was arrested without probable cause and imprisoned without lawful order.

31. Plaintiff was conscious of his confinement and did not consent.

32. The City of New York, is vicariously liable to plaintiff for the acts of Alexandra Munoz, who was at all relevant times acting within the scope of her employment as a subordinate officer and agent of the municipal defendant.

33. Therefore, Alexandra Munoz and the City of New York are liable to

plaintiff, for false arrest and false imprisonment under New York law.

34. By reason thereof, defendants have caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, emotional and physical injuries, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

[Remainder of Page Intentionally Blank]

WHEREFORE, the plaintiff demands judgment against the individual defendants and defendant City of New York as follows:

i. actual and punitive damages against Alexandra Munoz in an amount to be determined at trial;

ii. actual damages against defendant City of New York in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
November 10, 2020

LUMER LAW GROUP
Attorneys for Plaintiff Raymond Bryant

Michael Lumer, Esq.
233 Broadway, Suite 900
New York, New York 10279
(212) 566-5060