# LUMER LAW GROUP
Attorneys At Law

THE WOOLWORTH BUILDING
233 BROADWAY, Suite 900
NEW YORK, NEW YORK 10007

WWW.LUMERLAW.COM
(212) 566-5060

January 6, 2021

**By ECF**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Bryant v. City of New York, et al.,
               20 CV 5452 (BMC)

Dear Judge Cogan:

We represent the plaintiff in the above matter and write on behalf of all parties in advance of the initial conference scheduled for January 12, 2021, pursuant to the Court's order of November 10, 2020. A joint proposed Case Management Plan will be submitted separately.

**Plaintiffs' Description of the Case**
Plaintiff asserts claims for false arrest and false imprisonment in violation of 42 USC § 1983 and New York state law. On September 8, 2019, plaintiff was lawfully present in the company of Janine Villanueva and was not engaged in any criminal conduct. Notwithstanding the above, defendant Alexandra Munoz, acting in her capacity as a police officer in the employ of the New York City Police Department caused plaintiff to be arrested on the basis that plaintiff was violating an Order of Protection. Plaintiff was taken into custody and imprisoned for a period of many hours before the Queens County District Attorney declined to prosecute the plaintiff. The underlying criminal case in which the Order of Protection had issued had been dismissed two days prior to the arrest, and thus there was no Order of Protection in effect on September 8, 2019. Plaintiff and Ms. Villanueva communicated this to defendant Munoz, who proceeded with the arrest nonetheless.

**Defendants' Description of the Case**
On September 8, 2019, at approximately 3:30 p.m., Defendant NYPD Officer Alexandra Munoz encountered Plaintiff in the vicinity of 8740 165th Street, Queens. Plaintiff

**LUMER LAW GROUP**

Hon. Brian M. Cogan
Page -2-

was in the company of a woman named Janine Villanueva.  Officer Munoz was aware of a temporary order of protection requiring that Plaintiff stay away from Ms. Villanueva that, on its face, expired on December 5, 2019.  Operating the belief that Plaintiff was in violation of the temporary order of protection, Officer Munoz placed Plaintiff under arrest.  In the course of making the arrest, Officer Munoz conducted computerized check(s) into the temporary order of protection, which confirmed that the order remained in force.  Early the next day, September 9, 2019, the Queens County District Attorney declined to prosecute Plaintiff.  Plaintiff, accordingly, was released from custody.

### Jurisdiction and Venue

This Court has jurisdiction over this matter as it concerns a question of federal law.  This action is brought pursuant to 42 U.S.C. § 1983, and alleges a violation of the United States Constitution. As the events alleged in the complaint occurred in the County of Queens within the State of New York, the action is properly venued in this district.

### Defenses

Defendants' primary defense is that Officer Munoz had probable cause to arrest Plaintiff based on her reasonable belief that he was in violation of the order of protection.  At the very least, Officer Munoz should be shielded by qualified immunity.  Because the underlying claims against Officer Munoz fail, there can be no claim against Defendant City of New York under a respondeat superior theory.

### Contemplated motions

Plaintiff does not contemplate any motions at this time.

Defendants intend to move for full dismissal of this case pursuant to FRCP 56 and/or FRCP 12(c).

Respectfully submitted,

Michael Lumer

cc:     Joshua Weiner, Sr. Counsel (By ECF)